IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYAN N. KUBIC,** | : |
| **Plaintiff** | : NO. 1:12-CV-00547 |
| v. | : |
| **STEPHEN ALLEN, JOHN BIONDO, and TAMMY FERGUSON,** | : Judge Sylvia H. Rambo |
| **Defendants** | : |

# **MEMORANDUM**

Before the court is Defendants' Partial Motion to Dismiss the Amended Complaint. (Doc. 11.) Plaintiff's amended complaint (Doc. 9) asserts claims of retaliation, false arrest, malicious prosecution, and violations of procedural due process pursuant to 42 U.S.C. § 1983 (Counts I, II, III, & VI); violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311 (Counts IV & V); and a state law malicious prosecution claim (Count VII). Defendants move to dismiss Plaintiff's Fourteenth Amendment procedural due process claim. For the reasons that follow, the motion will be denied.

**I.** **Background**[1]

**a. Parties**

Plaintiff, Bryan N. Kubic, is a 23-year veteran of the United States Army who, during all relevant times, held the rank of Master Sergeant in the Army Reserves. (Doc. 9, Amended Compl., ¶ 4.) Kubic was employed by the

---

[1] As required when deciding a motion to dismiss, the court will accept as true all well-pleaded factual allegations contained in the complaint.

Pennsylvania Department of Corrections ("DOC").  (*Id.*)  That employment was terminated following the filing of criminal charges against Kubic.  (*Id.*)

Defendant Tammy Ferguson was employed by DOC as Chief of Security in the Department of Security Division.  (*Id.* at ¶ 7.)  Ferguson was Kubic's supervisor during the relevant time period.  (*Id.* at ¶ 14.)

Defendant Stephen C. Allen was employed by DOC as an investigator in the Office of Special Investigations and Intelligence.  (*Id.* at ¶ 5.)  Allen was authorized to file criminal charges against Kubic on behalf of the Commonwealth of Pennsylvania.  (*Id.*)

Defendant John Biondo was employed by the DOC as a Human Resources Analyst in the Labor Relations Division.  (*Id.* at ¶ 6.)

**b. Facts**

The DOC has a military leave policy set forth in DOC Management Directive 530.26 ("Directive 530.26").  (*Id.* at ¶ 9.)  Directive 530.26 provides, in part:

> Documentation is required to determine eligibility for the use of paid leave, continuation of benefits, payment of a monthly stipend and the right to return to work within the time frames allowed by the [USERRA].
>
> ∗∗∗
>
> Documentation may be provided in the form of military orders, written communication from the employee's military unit or Form DD-214. [D]ocumentation supporting military leaves of absence is to be maintained permanently in Official Personnel Folders.

(*Id.* at ¶ 10-12.)

In 2010, Ferguson became Plaintiff's supervisor.  (*Id.* at ¶ 14.)  Ferguson is a military verteran who, according to the amended complaint, "harbors

ill will toward the military because . . . she did not enjoy the level of respect and career opportunities that male members of the military received." (*Id.* at ¶ 16.) Consequently, Ferguson implemented practices that were designed to harass military personnel. (*Id.* at ¶ 17.) For example, in January, 2011, Plaintiff requested to be transferred back to his original position at the DOC Training Academy. (*Id.* at ¶ 18.) Immediately following that request, Ferguson called Plaintiff into her office and allegedly called him a "coward" and said "if you keep bugging me about this military stuff, I will send you to Camp Hill Prison. You've been out of jail too long; you need some jail time." (*Id.* at 20.)

Ferguson routinely told Plaintiff that military leave requests were not approved because the "[m]ilitary does not trump the DOC." (*Id.* at ¶ 21-22.) On one occasion, Plaintiff was informed by the military on a Friday that he was to report for duty the following Monday. (*Id.* at ¶ 23.) Plaintiff promptly submitted a military leave request in accordance with DOC's policy, which was denied by Ferguson because she demanded additional documentation beyond that required by Directive 530.26. (*Id.* at ¶¶ 23-24.)

On or around June, 2011, DOC Human Relations Analyst Amy Gephart emailed Plaintiff demanding proof of his upcoming military duties. (*Id.* at ¶ 27.) Plaintiff responded, stating that the DOC was not following Directive 530.26 protocols which does not require proof prior to granting leave in all circumstances. (*Id.* at ¶ 28.) Plaintiff complained to the DOC that DOC was not following its own military leave policies and was noncompliant with USERRA. (*Id.* at ¶ 29.) Immediately thereafter, Ferguson initiated an investigation into Plaintiff's prior use of military leave. (*Id.* at ¶ 30.) Ferguson's investigation did not reveal any misuse of

military leave by Plaintiff.  (*Id.* at ¶ 31.)  Thereafter, Ferguson referred her investigation to DOC Investigator Stephen Allen.  (*Id.*)

On July 15, 2011, Investigator Allen advised Plaintiff that he, at Ferguson's request, was conducting a criminal investigation into Plaintiff's use of military leave.  (*Id.* at ¶ 32.)  Plaintiff waived his Miranda rights and submitted to an interrogation by Allen.  (*Id.* at ¶ 33.)  On August 16, 2011, Allen criminally charged Plaintiff with Theft by Deception in violation of 18 Pa. C.S.A. § 3922(a)(1) and Receiving Stolen Property in violation of 18 Pa. C.S.A. § 3925(a).  The basis for the criminal charges were inconsistencies between DOC's records of Plaintiff's military leave and Plaintiff's military pay records.  (*Id.* at ¶ 36.)  Allen signed an arrest warrant and took Plaintiff into custody.  (*Id.* at ¶ 42.)  Plaintiff alleges in his amended complaint that the affidavit of probable cause included false statements and did not establish probable cause for the crimes charged.  (*Id.* at ¶¶ 37-41.)

On August 16, 2011, Ferguson suspended Plaintiff's employment with DOC as a result of the criminal charges.  (*Id.* at ¶ 43.)  On September 28, 2011, a preliminary hearing was conducted wherein Allen allegedly admitted under oath that he had no evidence to establish that Plaintiff was not performing military duties on the dates in question.  (*Id.* at ¶¶ 44-45.)  The district justice dismissed the receiving stolen property charge, but not the theft by deception charge.  (*Id.* at ¶ 46.)  According to the amended complaint, the Commonwealth subsequently dismissed the theft by deception charge in response to a Petition for Writ of Habeas Corpus.  (*Id.* at ¶¶ 46, 71-72.)

On October 14, 2011, DOC Human Resources Analyst John Biondo, at Ferguson's request, agreed to conduct a Pre-Disciplinary Conference ("PDC")

hearing.  (*Id.* at ¶ 48.)  At the PDC, Plaintiff was not given an explanation of the evidence of the charges leveled against him, was asked to provide evidence that he did not commit the offenses with which he was charged, was interrupted, and his witnesses were not permitted to finish their statements.  (*Id.* at ¶¶ 49-52.)  Plaintiff also presented an affidavit from his Army superior explaining that Plaintiff performed military duties on all the dates in question.  (*Id.* at ¶ 53.)  Following the hearing, Biondo recommended that Plaintiff be terminated.  (*Id.* at ¶ 62.)  Ferguson made the ultimate decision to terminate Plaintiff's employment with the DOC on November 28, 2011.  (*Id.* at ¶¶ 63, 65.)  Following Plaintiff's termination, the DOC posted pictures of Plaintiff on the wall of the entrance areas to the DOC central offices in Camp Hill and Mechanicsburg, and at the Training Academy in Elizabethtown, with instructions that Plaintiff's presence on the grounds should be reported to a manager.  (*Id.* at ¶ 70.)  Plaintiff remains unemployed.  (*Id.* at ¶ 75.)

### c. Procedural History

Following the filing of Plaintiff's original complaint (Doc. 1) on March 27, 2012, Defendants filed a motion to dismiss on May 29, 2012 followed by a brief in support on June 12, 2012 (Docs. 6 & 7).  On June 25, 2012, Plaintiff filed an amended complaint.  (Doc. 9.)  The amended complaint sets forth the following claims: (1) retaliation pursuant to 42 U.S.C. § 1983; (2) false arrest pursuant to 42 U.S.C. § 1983; (3) malicious prosecution pursuant to 42 U.S.C. § 1983; (4) violations of USERRA; (5) retaliation claim pursuant to USERRA; (6) Fourteenth Amendment procedural due process violations pursuant to 42 U.S.C. § 1983; and (7) malicious prosecution pursuant to Pennsylvania state law.  On July 6, 2012, Defendants filed a motion to partially dismiss the amended complaint and brief in

support. (Docs. 11 & 12.)[2] On July 20, 2012, Plaintiff filed a brief in opposition (Doc. 13) to which Defendants replied on August 2, 2012 (Doc. 15). Thus, the motion is ripe for disposition.

**II.** **Legal Standard**

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler,* 578 F.3d at 211 (citations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a) (alterations in original).) In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[2] Defendants' motion to partially dismiss the amended complaint withdrew arguments for dismissal of Plaintiff's USERRA and Fourth Amendment false arrest and malicious prosecution claims that were raised in the initial motion to dismiss, and only moved to dismiss Plaintiff's due process claim.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**III.     Discussion**

The only claim Defendants moved for dismissal is Plaintiff's Fourteenth Amendment Due Process claim. As an initial matter, Defendants assert that it is not clear from the amended complaint whether Plaintiff is asserting a substantive or

procedural due process claim, but argues that both claims must fail under relevant caselaw. The court does not find any ambiguity in Plaintiff's amended complaint. Count VI of Plaintiff's amended complaint is captioned:

Plaintiff v. Defendants  
Fourteenth Amendment – Procedural Due Process Violation  
Pursuant to 42 U.S.C. § 1983

(Doc. 9, p. 25). The allegations set forth in the amended complaint state "[Kubic] was deprived of this property interest [in his employment with DOC] as guaranteed by the *procedural* due process protections in the Fourteenth Amendment." (*Id.* at 137) (emphasis added.) Plaintiff further avers that "[K]ubic was deprived of a meaningful opportunity to be heard." (*Id.* at 138.) Thus, both the plain language of the amended complaint as well as the substantive averments therein clearly indicate that Plaintiff is bringing a procedural due process claim. There is no mention or indication of a substantive due process claim. Indeed, Plaintiff's brief in opposition states that the amended complaint "clearly alleges a 'procedural due process violation.'" (Doc. 13 at 5 of 18.) Accordingly, the court will analyze whether Plaintiff has set forth a procedural due process claim sufficient to withstand Defendants' motion to dismiss.

In order to prevail on a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show (1) that he possessed a life, liberty, or property interest within the meaning of the Fourteenth Amendment, and (2) that he did not have procedures available to him that would provide him with "due process of law." *Rockledge Dev. Co. v. Wright Township*, 2011 WL 588068, *2 (M.D. Pa. Feb. 10, 2011) (citing *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984)). More

specifically, a plaintiff must prove each of the following five elements in relation to a § 1983 procedural due process claim:

> (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process.

*Id.* (citing *Sample v. Diecks*, 885 F.2d 1099, 1113-14 (3d Cir. 1989)).

Defendants set forth two arguments for dismissal of Plaintiff's procedural due process claim. First, Defendants argue that Plaintiff does not have a property interest in his employment with the DOC. Defendants cite to *Nicholas v. Pa. State Univ.*, 227 F.3d 133 (3d Cir. 2000), which states that "'it cannot be reasonably maintained that public employment is a property interest that is deeply rooted in the Nation's history and traditions.' Nor does public employment approach the interests 'implicit in the concept of ordered liberty like personal choice in matters of marriage and family.'" *Id.* at 143 (quoting *Homar v. Gilbert*, 63 F. Supp. 2d 559, 576 (M.D. Pa. 1999)). Thus, Defendants argue that Plaintiff does not have a protected property interest sufficient to support his due process claim. The court rejects this argument. It is true that not all property interests are protected under the concept of *substantive* due process and that a substantive due process claim must implicate a property interest that is "fundamental" under the United States Constitution. *Id.* at 140. However, as stated, Plaintiff is bringing a *procedural* due process claim. In the context of a procedural due process claim, it is clear that Plaintiff has a protected property interest in continued employment at DOC. In fact, in *Barnes v. Dept. of Corr.*, 706 F. Supp. 2d 593 (M.D. Pa. 2010), *reconsideration*

*granted on other grounds*, 2010 U.S. Dist. LEXIS 50387 (M.D. Pa. May 21, 2012), the court specifically held that the plaintiff, an employee with the Pennsylvania DOC, had a protected property interest in his employment in state prisons for the purposes of a procedural due process claim. The court reasoned:

> In Pennsylvania, civil service employees "shall not be removed except for just cause." 71 P.S. § 741.807. Pennsylvania courts have applied this statue to corrections officers working in state prisons. The Third Circuit Court of Appeals has held that "just cause" clause in a valid collective bargaining agreement creates a cognizable property interest that is protected by the Fourteenth Amendment. Likewise, the just cause statue in Pennsylvania creates a cognizable property interest for corrections officers that is protected by the Fourteenth Amendment.

*Id.* at 609-10 (most internal citations omitted). Accordingly, Defendants' motion will be denied in this regard.

Defendants' second argument for dismissal is that because a PDC hearing was held wherein Plaintiff was permitted to present evidence, call witnesses, and submit affidavits, no procedural due process violations have occurred. In support, Defendants cite *Dykes v. Southeastern Pa. Transp. Auth.*, 68 F.3d 1564 (3d. Cir. 1995) which states "[w]here a due process claim is raised against a public employer, and grievance and arbitration procedures are in place, we have held that those procedures satisfy due process requirements 'even if the hearing conducted by the Employer . . . [was] inherently biased.'" *Id.* at 1571.

Notwithstanding the Third Circuit's holding in *Dykes*, the court finds that procedures used by a public employer to protect an employee's due process must nevertheless have some indicia of credibility. Indeed, in *Dykes,* the Third Circuit upheld the district court's dismissal of the plaintiff's procedural due process claim

10

only after finding that the grievance/arbitration procedures set forth in the applicable collective bargaining agreement incorporated sufficient safeguards to satisfy procedural due process protections. *Id*. at 1572.

In *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), the United States Supreme Court held that a public employee with a property interest in his or her job is entitled to a "pretermination opportunity to respond, coupled with post-termination administrative procedures." *Id.* at 547-48. In particular, a "tenured public employee is entitled to [pre-termination process consisting of] oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546. The pre-termination hearing may be informal so long as it affords the employee an opportunity to make any "plausible arguments that might . . . prevent [the] discharge." *Id.* at 544. Moreover, the court held that the public employee is entitled to a "meaningful" pre-termination hearing. *Id*. at 547. The *sina qua non* of a meaningful hearing is a sufficient explanation of the employer's evidence to permit a meaningful response. *Fraternal Order of Police v. Tucker*, 868 F.2d 74, 80 (3d Cir. 1989).

In *Tucker*, the Third Circuit Court of Appeals found that although four discharged police officers were sufficiently informed of disciplinary action against them and given an opportunity to state their objections at arbitration, they were nevertheless deprived of a "meaningful" pre-termination hearing because "they were not told anything specific about . . . the allegations being investigated or the evidence regarding the allegation." Thus, the court found that the officers had "no opportunity to explain or rebut the evidence." 868 F.2d at 80 (citing *Loudermill*, 470 U.S. 532.)

11

Here, Plaintiff argues that he was not given a meaningful pre-termination hearing because: (1) he was never given an explanation of the evidence supporting the charges leveled against him at the PDC (Doc. 9 at ¶ 139); (2) he was asked to provide evidence showing his innocence rather than defend against the charges (*Id.* at ¶ 140); (3) any evidence proving his innocence was ignored by the PDC panel (*Id.* at ¶ 141); (4) he was interrupted and not permitted to finish his statements (*Id.* at ¶ 142); and (5) his witnesses were interrupted and not permitted to finish their statements (*Id.* at ¶ 143). These allegations, taken as true, are sufficient to show that Plaintiff was denied a meaningful pre-termination hearing in violation of his Fourteenth Amendment procedural due process rights. *See Loudermill*, *supra*; *Tucker*, *supra*.

In short, Defendants' arguments for dismissal of Plaintiff's Fourteenth Amendment procedural due process claim fail and Defendants' motion will therefore be denied. An appropriate order will be issued.

                                                      s/Sylvia H. Rambo
                                                      United States District Judge

Dated: September 12, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYAN N. KUBIC,** : | |
| : | **NO. 1:12-CV-00547** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **STEPHEN ALLEN,** : | |
| **JOHN BIONDO, and** : | |
| **TAMMY FERGUSON,** : | |
| : | |
| **Defendants** : | |

### **O R D E R**

In accordance with the accompanying memorandum, it is **HEREBY ORDERED** that Defendants' Partial Motion to Dismiss the Amended Complaint (Doc. 11) is **DENIED.**

                                                     s/Sylvia H. Rambo
                                                     United States District Judge

Dated:  September 12, 2012.