IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BRIAN N. KUBIC,** : CIVIL NO. 1:12-CV-0547
      **Plaintiff** :
:
      v. :
:
**STEPHEN ALLEN; JOHN BIONDO;** :
**and TAMMY FERGUSON,** :
:
      **Defendants** :

# M E M O R A N D U M

On January 2, 2014, this court quashed subpoenas issued by Plaintiff to Department of Corrections Secretary John E. Wetzel and Department of Corrections Executive Deputy Secretary Shirley R. Moore-Smeal. This memorandum is issued in support of that order.

Plaintiff, Brian N. Kubic, brings claims of retaliation, false arrest, malicious prosecution, and due process violations under 42 U.S.C. § 1983, as well as claims under the Uniformed Services Employment and Reemployment Act, 38 U.S.C. § 4311, and a state law claim for malicious prosecution. This action names as defendants Stephen Allen, John Biondo, and Tammy Ferguson, for the alleged wrongful termination of employment. The Pennsylvania Department of Corrections found that Plaintiff had abused his military leave entitlements as a Commonwealth employee.

Plaintiff argues that he is entitled to depose Secretary Wetzel because he reviewed documents, did not intervene in the parallel criminal prosecution, and made the ultimate decision to terminate Plaintiff's employment. He argues Executive Deputy Secretary Moore-Smeal was involved for the same reasons and because she

received an email request to initiate the internal investigation of Plaintiff, which was forwarded to the Office of Special Investigations and Intelligence. Nowhere in the record is there evidence that either Wetzel or Moore-Smeal were involved in any investigation of the charges against Plaintiff, they did not process his leave requests, nor did they directly supervise Plaintiff. There is nothing to show that either of these individuals had any unique, personal knowledge or involvement in events leading up to Plaintiff's termination.

A summary of the events that occurred after the investigation is as follows:[1]

After the DOC completed the Kubic investigation, it created a "red folder." (Doc. 43-1, p. 5 of 26.) The red folder contained the complete Kubic investigation file, including notes, PDC minutes, etc. (*Id*. at p. 6 of 26.) The red folder was reviewed by certain high-ranking DOC officials who made disciplinary recommendations based upon their review. Thereafter, the Secretary Wetzel made the ultimate disciplinary decision to terminate Kubic's employment.

More specifically, the red folder was first reviewed by the Chief of the Labor Relations Division, Ty Stanton, who recommended dismissal. (*Id*. at p. 38.) Next, the Director of the Bureau of Human Resources, Jennifer Haas, reviewed the red folder and also recommended dismissal. (*Id*. at pp. 38-39.) The red folder then went to the Deputy Secretary of the Security Division, Michael Klopotoski, who concurred with a dismissal. (*Id*. at p. 39.) Next, Chief Counsel Suzanne Houston reviewed the red folder and also recommended dismissal. (*Id*. at p. 40.) The red folder then went to the office of Executive Deputy Secretary Moore-Smeal, who made "a recommendation to approve" the recommendation for dismissal. (*Id*. at pp.

---

[1](Doc. 43-1, Deposition Testimony of Michael Klopotoski.)

40-41.)  Finally, the red folder was forwarded to Secretary Wetzel, who approved the recommendation for dismissal, thus making the ultimate decision to terminate Kubic. (*Id*. at pp. 41-42.)

In *Hankins v. City of Philadelphia*, No. 95-1449, 1996 WL 524334 at*1 (E.D. Pa. 1996), the court held that high ranking officials are "generally entitled to limited immunity from being deposed." *Hankins* further held that "[a] party seeking the deposition of a high ranking government official must demonstrate that his testimony is likely to lead to the discovery of admissible evidence, is essential to the party's case, and that this evidence is not available through any alternative source or less burdensome means." *Id.*

To claim that a deposition of Wetzel and Morre-Smeal "is reasonably calculated to lead to discovery of admissible evidence" is unfounded. Wetzel and Moore-Smeal, as upper-level officials, had to either approve or disapprove of the suggested action of lower level officials. Doing what is required of their positions is not "personal involvement." To subject a high level official to being deposed every time that official approves or disapproves a lower level action would eviscerate the limited immunity given to high level officials from being called to testify.

This court cannot conceive of what other admissible evidence can be obtained from a deposition of these two individuals over what has already been produced. Therefore, this court ordered the subpoenas of Wetzel and Moore-Smeal quashed on January 2, 2014.

s/Sylvia H. Rambo<br>United States District Judge

Dated: January 17, 2014.